**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

PAUL KOZEL, )
 )
        Plaintiff, )
 )
v. ) No. CIV-12-274-FHS
 )
OKLAHOMA DEPARTMENT OF PUBLIC )
SAFETY; CHRIS DENNIS; )
PUSHMATAHA COUNTY BOARD OF COUNTY )
COMMISSIONERS; JIM DUNCAN; and )
JOHN DOE (DEPUTY MARVIN), )
 )
        Defendants. )

**OPINION AND ORDER**

    Defendants, Pushmataha County Board of Commissioners, Jim Duncan, and John Doe (Deputy Marvin)(collectively "County Defendants"), removed this action to this federal court from the District Court of Pushmataha County, Oklahoma, by filing their Notice and Petition of Removal on June 20, 2012, alleging removal was appropriate pursuant to this court's federal question jurisdiction under 28 U.S.C. § 1331. Specifically, the County Defendants rely on the fact that in his Amended Petition for Declaratory Judgment and Injunction filed in the state court, Plaintiff, Paul Kozel, asserted claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights under the United States Constitution. Since removal, the other named defendants, the Oklahoma Department of Public Safety and Chris Dennis (collectively "State Defendants"), have not filed a notice of joinder in removal. Before the Court for its consideration is Plaintiff's Motion to Remand (Dkt. No. 3) arguing remand is appropriate because 1) the notice of removal does not establish that the amount in controversy exceeds $75,000, 2) the State

1

Defendants have not consented to removal, and 3) the Court should exercise its discretion and remand this case to state court because it involves the interpretation of state statutes. Plaintiff and the County Defendants have fully briefed the issues.[1] Having considered the parties' arguments, the Court finds remand is appropriate based on the State Defendants' failure to file a written affirmation of their desire to join in the notice of removal filed by the County Defendants.

Initially, the Court notes that removal was jurisdictionally appropriate based on federal question jurisdiction. The federal removal statute provides:

> Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In his Amended Petition, Plaintiff asserted claims under the United States Constitution; consequently, this Court had original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as one "arising under the Constitution . . . of the United States". Plaintiff's argument for remand based on the failure of the record to establish that the amount in controversy exceeds $75,000 is misplaced. The County Defendant's removal was not based on diversity jurisdiction under 28 U.S.C. 1332, which contains the $75,000 amount in controversy requirement. Removal was based on this Court's federal question jurisdiction. No amount in controversy requirement applies to federal question jurisdiction

---

[1] The State Defendants did not file a response to Plaintiff's request for remand.

2

under 28 U.S.C. § 1331. Thus, Plaintiff's jurisdictional argument for remand is rejected as the County Defendants have properly invoked this Court's original jurisdiction pursuant to 28 U.S.C. § 1331.

The Court does, however, find that remand is appropriate based on a defect in the removal procedure. "Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). Given that federal courts are courts of limited jurisdiction, a presumption against removal jurisdiction is imposed under the law. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." McShares, Inc. v. Barry, 979 F.Supp. 1338, 1342 (D. Kan. 1997). In multiple defendant cases, subject to certain statutory exceptions not applicable herein, all defendants served at the time of filing must join in the notice of removal. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998) and Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). The Tenth Circuit has not specifically addressed how this "unanimity rule" is satisfied by defendants intending on joining in a removal petition. Given the burden on the removing parties and the presumption against removal jurisdiction, this Court finds it is appropriate to require each defendant to "independently and unambiguously file their consent and intent to join in the removal." Jarvis v. FHP of Utah, Inc., 874 F.Supp. 1253, 1254 (D.Utah 1995). Doing so removes any doubt for the court and the plaintiff as to intent of each defendant and serves to bind that defendant or defendants to the removal jurisdiction of the court. "There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal." Id. at 1255.

3

Here, the Court finds that the State Defendants have never independently and unambiguously filed their consent to removal. The County Defendants statement in their notice of removal that the State Defendants do not object to removal is not sufficient. See Roe v. Donohue, 38 F.3d 298, 301 (7th Cir. 1994)(statement in notice of removal that other defendants consented to removal is not sufficient to find that other defendants joined in removal), abrogated on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); State Farm and Casualty Co. v. Dunn-Edwards Corp., 728 F.Supp.2d 1273, 1277 (D.N.M. 2010)(noting that the majority of circuit courts require a written consent from each defendant). To date, the State Defendants have not filed any written joinder in the County Defendant's June 20, 2012, notice of removal, nor have they filed a separate notice of removal. The Court will not interpret the State Defendants' filing of a Motion to Dismiss (Dkt. No. 12) or its representations made in its Response to Plaintiff's Motion to Strike (Dkt. No. 14) as the equivalent of an affirmative expression of their intent to join in the removal by the County Defendants. See Henderson v. Holmes, 920 F.Supp. 1184, 1187 (D.Kan. 1996)("[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal."). Without an affirmative, unambiguous, and written statement from the State Defendants, the Court must conclude that the removal of this action is defective.[2]

---

[2] Although not argued by the County Defendants, to the extent it could be contended that the "unanimity rule" does not apply because the State Defendants have not been served, the Court finds this lack of service argument is not sufficiently disputed for purposes of this motion to remand. Although the issue is somewhat unclear as to the Defendant, the Oklahoma Department of Public Safety, service was clearly made on Defendant, Chris Dennis, on June 10, 2012, through a private process server. See Exhibit 9 to the County Defendants' Notice of Removal. The Court further rejects any contention that

Having concluded the instant removal is procedurally defective, the Court declines to address Plaintiff's remaining argument based on discretionary abstention.

Based on the foregoing reasons, Plaintiff's Motion to Remand (Dkt. No. 3) is granted and the clerk of the Court is directed to remand this action to the District Court of Pushmataha County, Oklahoma.

It is so ordered this 30th day of July, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

service was not proper because the summons issuance date was changed from July 8, 2012, to June 8, 2012. The correction of this obvious clerical error does not call into question the otherwise proper service on Defendant, Chris Dennis.